**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES WALSH,

    Plaintiff,

v.

KERRY WALSH, et al.,

    Defendants.

Civil Action No. 16-4242 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants Kerry Walsh ("Ms. Walsh"), Jef Henninger ("Mr. Henninger"), and Judge John Doran ("Judge Doran") (collectively, "Defendants"), each filed a separate Motion to Dismiss with respect to all of Plaintiff James Walsh's ("Plaintiff") claims.[1] (ECF Nos. 9, 11, 18.) Plaintiff opposed Ms. Walsh's Motion (ECF No. 12), and Ms. Walsh replied (ECF No. 15). Next, Plaintiff opposed Mr. Henninger's Motion (ECF No. 17), and Mr. Henninger did not reply. Finally, Plaintiff opposed Judge Doran's Motion (ECF No. 20), Judge Doran replied (ECF No. 19), and Plaintiff filed a sur-reply[2] (ECF No. 21). The Court has carefully considered the parties' submissions and

---

[1] As Defendants Ms. Walsh and Mr. Henninger's arguments are nearly identical, the Court cites to Defendant Ms. Walsh's submissions as representative of both defendants' submissions. (ECF Nos. 9, 11.)

[2] Plaintiff filed a sur-reply to argue that Judge Doran's reply brief was filed "well beyond the deadline" and that Judge Doran was "never granted permission for an extension." (Pl.'s Sur-Reply to Judge Doran's Reply Br. 1, ECF No. 21.) Judge Doran's Reply was due on October 31, 2016, but was filed on November 14, 2016. Upon reviewing the docket, however, the Court

decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** without prejudice.

I. <u>Background</u>

On or around June 3, 2015, Ms. Walsh filed for a divorce in the Superior Court of New Jersey in Ocean County. (Def. Ms. Walsh's Moving Br. 2, ECF No. 9.) On or around September 15, 2015, Ms. Walsh, with the assistance of her attorney, Mr. Henninger, filed for a final restraining order against Plaintiff ("FRO"). (*Id.*) Judge Doran, on or around September 24, 2015, granted the final restraining order barring Plaintiff "from having any contact with his wife or children and [directing] him to undergo a psychiatric evaluation." (*Id.*) Plaintiff subsequently filed a motion seeking reconsideration of the FRO, which Judge Doran denied. (*Id.*) Plaintiff filed an appeal of the FRO, and the appeal is currently pending. (*Id.*)

On July 12, 2016, Plaintiff filed the instant five-count action pro se against Ms. Walsh, Mr. Henninger, and Judge Doran. (Compl. ¶¶ 3, 9, 17, ECF No. 1). The Complaint alleges that: Ms. Walsh applied for the FRO "to gain an upper hand in the litigation process" (*id.* ¶ 17); Ms. Walsh "intentionally prevented [Plaintiff] from parenting time with [his] children" (*id.* ¶ 18); Mr. Henninger "put forth false information to the [c]ourt" and refused to properly communicate with Plaintiff (*id.* ¶ 20); the threat of an FRO was used as leverage and extortion (*id.* ¶ 21); Judge Doran condoned Ms. Walsh and Mr. Henninger's "behavior" and has refused to allow Plaintiff to

---

notes that Plaintiff's Opposition was not docketed until November 14, 2016, which is the same day Judge Doran filed his Reply. (ECF Nos. 19, 20.) In part, this was because the Court received Plaintiff's Opposition on October 28, 2016, which was four days after the October 24, 2016 deadline for Plaintiff to oppose Judge Doran's Motion. (ECF No. 20.) The Court accordingly accepts both Plaintiff's tardy Opposition and Judge Doran's Reply. The Court notes, however, that neither submission was material to the Court's ultimate decision.

see his children (*id.* ¶¶ 21-22); and Defendants' collective behaviors were so outrageous in character and indecent that Plaintiff suffered emotional distress (*id.* ¶ 24).

With respect to Count One, Plaintiff alleges that Ms. Walsh conspired with her attorney, Mr. Henninger, to violate Plaintiff's Fourteenth Amendment right to a parent-child relationship, and that Judge Doran "ignored the laws" in granting the FRO. (*Id.* ¶¶ 26-28.) As to Counts Two, Three, Four, and Five, Plaintiff alleges defamation, misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively, due to the issuance of the FRO. (*Id.* ¶¶ 29-48.) Plaintiff seeks declaratory judgment, as well as an unspecified amount of statutory, punitive, and compensatory money damages for all Counts of the Complaint, which Plaintiff pleads should be determined at trial. (*Id.* at 10.)

## II. **Legal Standard**

Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)); *see also United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First*

3

*Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

On the other hand, when analyzing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

4

### III. Parties' Positions

#### A. *Rooker-Feldman* Doctrine

All three motions to dismiss argue that the *Rooker-Feldman* Doctrine bars Plaintiff from filing this federal action. Defendants assert that Plaintiff is attempting to use the federal court to review the state court's denial of various motions. (Def. Ms. Walsh's Moving Br. 16-18; Def. Judge Doran's Moving Br. 12-14, ECF No. 18-3.) Plaintiff responds that the *Rooker-Feldman* Doctrine cannot apply because the pending appeal of his FRO in state court is distinct from his constitutional Fourteenth Amendment violation claim. (Pl.'s Opp'n to Ms. Walsh's Br. 2, ECF No. 12.)

#### B. *Younger* Abstention

Defendants Ms. Walsh and Mr. Henninger also argue that the *Younger* Abstention Doctrine applies, thus requiring the Court to abstain from exercising its jurisdiction over this case. (Def. Ms. Walsh's Moving Br. 18.) Defendants rely on *Younger*'s three-prong test and conclude that this case satisfies each prong: "(1) [there are] ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to present federal claims." (*Id.* at 18-20.) In response, Plaintiff reasserts that the pending appeal of his FRO in state court is distinct from his constitutional Fourteenth Amendment violation claim; thus, the *Younger* Abstention Doctrine is inapplicable. (Pl.'s Opp'n to Ms. Walsh's Br. 2.)

#### C. Failure to State a Claim: Fourteenth Amendment Claim

Defendants Ms. Walsh and Mr. Henninger aver that Plaintiff fails to properly plead a claim under 42 U.S.C. § 1983 because Ms. Walsh and Mr. Henninger are not state actors. (Def. Ms. Walsh's Moving Br. 5-10.) Similarly, Judge Doran contends that he is not a "person" who

may be held liable under 42 U.S.C. § 1983 while acting in his official capacity. (Def. Judge Doran's Moving Br. 7-8.)

Plaintiff reasserts that Defendants conspired to violate his Fourteenth Amendment rights and that "any violation of constitutional rights is clearly an issue to be dealt with in a federal court." (Pl.'s Opp'n to Ms. Walsh's Br. 1.) Thus, Plaintiff argues that the Court should have subject matter jurisdiction. (*Id.*)

### D. Failure to State a Claim: Conspiracy[3]

Defendants Ms. Walsh and Mr. Henninger contend that Plaintiff indirectly claims that there was a conspiracy between Ms. Walsh, Mr. Henninger, and Judge Doran pursuant to 42 U.S.C. § 1985. (Def. Ms. Walsh's Moving Br. 14-15.) Defendants articulate the elements required for a § 1985 claim:

> (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege . . . .

(*Id.* at 15.) Defendants claim that "Plaintiff has not specifically alleged, nor can he establish the second element." (*Id.*) Plaintiff alleges that dismissing the Complaint prior to trial or even a cursory review of the evidence would require the "Court to make a conclusory decision," which he maintains is impermissible. (Pl.'s Opp'n to Ms. Walsh's Br. 1-2.)

---

[3] Ms. Walsh and Mr. Henninger preemptively address a claim under 42 U.S.C. § 1985 based on Plaintiff's general allegations of conspiracy, despite Plaintiff's failure to plead a separate cause of action for conspiracy. (*See* Def. Ms. Walsh's Moving Br. 14.) Upon review of the Complaint, however, the Court finds no indication that Plaintiff sought to plead a separate cause of action for conspiracy. Moreover, the Court finds Ms. Walsh's characterization of the Complaint—as alleging that Judge Doran was part of a conspiracy—to be incorrect. The Complaint rather alleges that Judge Doran "ignored all the laws . . . without cause" and issued an erroneous judgment against Plaintiff. (Compl. ¶¶ 10, 17, 22, 23, 27, 46.)

### E. Judicial Immunity

Judge Doran contends that all of Plaintiff's claims for money damages are barred by absolute judicial immunity because he was acting in his official capacity and that Plaintiff's Complaint fails to set forth a basis for declaratory or injunctive relief. (Def. Judge Doran's Moving Br. 9-12.) Plaintiff asserts that judicial immunity does not bar his "chance to appeal . . . because it provides a means of curing defects in any other due process violation." (Pl.'s Opp'n to Judge Doran's Moving Br. 1, ECF No. 20.) Plaintiff argues that Judge Doran violated Plaintiff's due process rights by adding his "children into a domestic violence order, [and] taking away [his] parenting rights, without just cause." (*Id.*)

### F. Sovereign Immunity

Defendants Ms. Walsh and Mr. Henninger argue that Judge Doran is immune from the instant action pursuant to Eleventh Amendment sovereign immunity because Judge Doran was acting in his official capacity. (Def. Ms. Walsh's Moving Br. 12-13.) In his Motion, Judge Doran also contends that all of Plaintiff's claims for money damages are barred by sovereign immunity because he was acting in his official capacity. (Def. Judge Doran's Moving Br. 6-12.) Plaintiff does not dispute or address Judge Doran's sovereign immunity in his submissions.

## IV. <u>Analysis</u>

The Court finds that the *Rooker-Feldman* Doctrine precludes the Court from exercising subject matter jurisdiction over the instant action, and accordingly dismisses the Complaint on all Counts. Under the *Rooker-Feldman* Doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* Doctrine applies where four criteria are met:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co.*, 615 F.3d at 166 (alteration in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, the *Rooker-Feldman* Doctrine applies to the instant action as all four criteria have been met.

As to the first and third elements, Plaintiff pleads that he lost in state court and that the judgment against him was rendered before he filed the instant action in federal court. According to the Complaint, Ms. Walsh, with the assistance of her counsel, Mr. Henninger, filed for and succeeded in obtaining an FRO against Plaintiff in accordance with New Jersey's domestic violence law. (Compl. ¶¶ 17, 31-32, 35, 36.) Judge Doran presided over the FRO proceeding, and issued a judgment against Plaintiff that, in part, restrained Plaintiff from visiting his children. (*Id.*)

With regard to the second element, Plaintiff complains of injuries caused by the state-court judgment. In *Great Western*, the Third Circuit specifically addressed a hypothetical similar to the facts of this case:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

*Great W. Mining & Mineral Co.*, 615 F.3d at 166-67. Here, Plaintiff solely complains of injuries arising from the FRO, which is sufficient to meet the second element: Counts One, Four, and Five allege violations of Plaintiff's parental rights and emotional injuries arising from being separated from his children pursuant to the FRO; and Counts Two and Three allege that Plaintiff

8

has been harmed by being required to register with New Jersey's Domestic Violence Central Registry as a condition of the FRO. (Compl. ¶¶ 25-48.) Each of these alleged harms to Plaintiff arises directly from the state-court judgment against Plaintiff.

Finally, the Complaint also satisfies the fourth requirement under the *Rooker-Feldman* Doctrine, as Plaintiff invites the Court to review and reject the state-court judgment. "What this requirement targets is whether . . . [P]laintiff's claims will require appellate review of [the] state-court decision[] by the [D]istrict [C]ourt." *Great W. Mining & Mineral Co.*, 615 F.3d at 169. The fourth requirement is not satisfied, however, if the "'federal plaintiff present[s] some independent claim,' even if that claim denies a legal conclusion reached by the state court." *Id.* (quoting *Exxon Mobil*, 544 U.S. at 293).

As indicated by the Third Circuit's hypothetical in *Great Western*, Plaintiff is seeking a review of the state-court judgment against him "and seeking its reversal." *Id.* at 167 (citation omitted). Plaintiff seeks declaratory relief, presumably declaring that the state-court judgment constituted an error, and damages resulting from the judgment itself—i.e. Plaintiff's inability to spend time with his children and harms arising from Plaintiff's involuntary registration with New Jersey's Domestic Violence Central Registry. (Compl. at 10.) Additionally, the Complaint fails to allege an independent claim. Unlike *Great Western*, Plaintiff does not allege that Judge Doran entered into a conspiracy with Ms. Walsh and Mr. Henninger, but rather alleges that Judge Doran "ignored all the laws . . . without cause" and issued an erroneous judgment against Plaintiff. (Compl. ¶¶ 10, 17, 22, 23, 27, 46.) Accordingly, Plaintiff seeks from this Court an impermissible appellate review of the state-court judgment, thus precluding the Court from exercising jurisdiction over the instant matter.

Finally, even if the *Rooker-Feldman* Doctrine were applicable only to Count One, Plaintiff's sole federal claim, the Court would dismiss Plaintiff's pendent state tort claims for lack of jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## V. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** without prejudice, and the Complaint is dismissed on all counts. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 8th, 2017