NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

R E C E I V E D

AUG 2 5 2017

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

JAMES WALSH,

      Plaintiff,

      v.

KERRY WALSH, et al.,

      Defendants.

Civil Action No. 16-4242 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff James Walsh's ("Plaintiff") Motion for Reconsideration. (ECF No. 24.) Defendants Kerry Walsh (ECF No. 25), Jef Henninger (ECF No. 29), and Judge John M. Doran (ECF No. 27) (collectively "Defendants") filed opposition, and Plaintiff replied (ECF No. 30).[1] The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is DENIED.

**I.    Background**

On March 8, 2017, the Court issued a Memorandum Opinion and Order granting Defendants' motions to dismiss Plaintiff's Complaint. (ECF Nos. 22, 23.) As the Court already set forth the factual background in its prior Memorandum Opinion (ECF No. 22), the Court incorporates those facts here. On April 3, 2017, Plaintiff filed a Motion for Reconsideration with respect to the Court's March 8, 2017 decision. (ECF No. 24.)

---

[1] A reply is not permitted on a motion for reconsideration without permission from the Court. L.Civ.R. 7.1(d)(3). As such, the Court will not consider Plaintiff's reply.

## II.    Legal Standard

In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

## III.    Discussion

Plaintiff asks the Court to reconsider its March 8, 2017 decision to prevent a "manifest injustice." (Pl.'s Recons. Cert. ¶ 3, ECF No. 24.) Plaintiff does not submit new evidence or point to a controlling decision of law that the Court previously overlooked. Instead, Plaintiff's reference to "manifest injustice" is based on his personal disagreement with the outcome of the underlying motions. This is not an appropriate basis for a motion for reconsideration as such disagreement should be raised through the appellate process. *See Smart v. Aramark Inc.*, No. 14-3007, 2014 WL 4053961, at *6 (D.N.J. Aug. 15, 2015). Moreover, Plaintiff already presented all of his substantive

assertions in the underlying motion. Plaintiff, therefore, has failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 25th, 2017

3